77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald W. UPPOLE, Plaintiff-Appellant,
v.
Bruce BLACK and James Donahue, Defendants-Appellees.
**
 No. 95-1578.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.*
Decided Feb. 7, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied April
26, 1996.
 
 Before FAIRCHILD, COFFEY, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Ronald Uppole appeals the dismissal without prejudice of his pro se complaint as frivolous, and the denial of his first motion for reconsideration. Uppole's detailed amended complaint (R. 11) alleged that several defendants, including Bruce Black and James Donahue, acted under color of state law to deprive Uppole and Uppole's father (now deceased) of assets and to keep Uppole confined for several years in mental health facilities, and thereby violated Uppole's right to due process, right to equal protection, and other constitutional rights. Uppole's sole argument on appeal is that because the defendants were not served in the district court, there was neither jurisdiction over the defendants nor a cause of action upon which the district court could render judgment, and therefore the dismissal of his complaint without prejudice is void. Uppole clearly misunderstands the law of dismissals under 28 U.S.C. § 1915. The Supreme Court has made it clear that a district court may dismiss a frivolous complaint "sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Accordingly, Uppole's argument has no merit.
 
 
 2
 Uppole requests our court to remand the case to the district court for consideration of his motion filed pursuant to Fed.R.Civ.P. 60(b)(4), which he submitted to the district court on July 26, 1995.[1] The district court denied the motion on December 15, 1995. Thus, there is no need to remand the case to the district court for consideration of that motion. See Textile Banking Co. v. Rentschler, 675 F.2d 844, 849 & n. 2 (7th Cir.1981) (when a Rule 60(b) motion is before the district court, our court must remand the case only if the district court is inclined to grant the relief).
 
 
 3
 The judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the appellant's brief
 
 
 **
 Bruce Black and James Donahue, named as defendants in this action, advised the court that they would not participate in the appeal as they were not served with process in the district court
 
 
 [1]
 Uppole made the same argument about the district court's jurisdiction in that motion as he does on appeal